IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-2808-WJM-NYW

DIANNA CHRISTINE MURPHY,

    Plaintiff,

v.

SCHAIBLE, RUSSO & COMPANY, C.P.A.'S, LLP, and
THOMAS SCHAIBLE,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT THOMAS SCHAIBLE'S IMPROPERLY DISCLOSED WITNESS PURSUANT TO FED. R. CIV. P. 37(c) AND GRANTING DEFENDANT SCHAIBLE'S MOTION FOR LEAVE TO AMEND FINAL PRETRIAL ORDER TO ADD ADDITIONAL DOCUMENTS FROM THE PLAINTIFF'S DIVORCE CASE IN MEXICO**

---

This matter is before the Court on Plaintiff Dianna Christine Murphy's Motion to Strike Defendant Thomas Schaible's Improperly Disclosed Witness Pursuant to Fed. R. Civ. P. 37(c) ("Motion to Strike"). (ECF No. 213.) Also before the Court is Defendant Schaible's Motion for Leave to Amend Final Pretrial Order to Add Additional Documents from the Plaintiff's Divorce Case in Mexico ("Motion to Amend"). (ECF No. 229.)

The Court presumes familiarity with the extensive procedural and factual background of this case, which will not be repeated here. For the reasons explained below, the Motion to Strike is denied, and the Motion to Amend is granted.

## I. MOTION TO STRIKE

Plaintiff moves to strike Defendant Thomas Schaible's November 20, 2020 supplemental Federal Rule of Civil Procedure 26(a) disclosures naming Plaintiff's children, John Schaible[1] and Maria Schaible[2], as individuals likely to have discoverable information. (ECF No. at 213 at 7.) She also asks that the Court "reasonably sanction Defendant by striking John Schaible and Maria Schaible from Defendant's witness list pursuant to Rule 37(c)(1) and award Plaintiff her attorney's fees and costs in bringing this motion." (*Id.*)

**A.      Legal Standards**

Under Rule 26(a)(1)(C),

> *Time for Initial Disclosures--In General*. A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan.

Rule 26(a)(1)(E) requires that "[a] party must make its initial disclosures based on the information then reasonably available to it." "A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." *Id.* Moreover, if a party learns that "in some material respect the

---

[1] In his supplemental disclosure, Defendant Schaible lists John Schaible as "the son of [P]laintiff and Michael Schaible, and currently works for Baja properties. He has information concerning the allegations made in the Complaint, the [P]laintiff's alleged damages, and the status of [P]laintiff's Mexican business interests." (ECF No. 213 at 2.)

[2] In his supplemental disclosure, Defendant Schaible lists Maria Schaible as "the daughter of [P]laintiff and Michael Schaible, and has information concerning the allegations

disclosure or response is incomplete or incorrect," that party must supplement or correct its Rule 26(a) disclosure in a timely manner. Fed. R. Civ. P. 26(e)(1).

Pursuant to Rule 37(c),

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

"This sanction is mandatory unless the non-disclosing party shows substantial justification or that the failure to disclose was harmless." *See Cook v. Rockwell Int'l Corp.*, 233 F.R.D. 598, 600 (D. Colo. 2005). In *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985 (10th Cir. 1999), the Tenth Circuit identified four factors for courts to consider in determining whether the failure to disclose information required under Rule 26 is substantially justified or harmless: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the non-disclosing party's bad faith or willfulness. *Id.* at 993.

**B.    Analysis**

Plaintiff argues that the Court should strike Defendant Schaible's supplemental disclosures and strike John and Maria Schaible as witnesses because "Defendant's supplement is untimely under Rule 26 and the Scheduling Order as it was submitted after the discovery deadline of September 15, 2020, and the information was likely known at or near the time of Defendant's initial disclosure on November 26, 2019." (ECF No. 213 at 3.) Moreover, Plaintiff contends that she is prejudiced from Defendant

---

made in the Complaint and the [P]laintiff's alleged damages." (ECF No. 213 at 3.)

Schaible's belated disclosures because "the discovery period is over, the dispositive motions deadline has passed, and the parties have attended the Final Pretrial Conference." (*Id.* at 6.)

Plaintiff also argues that her children do not have any information relevant to this case because they were not parties to the fiduciary relationship between Plaintiff and Defendants. (*Id.* at 4.) According to Plaintiff, "permitting Defendant to call John and Maria as witnesses would disrupt trial by setting the stage for numerous objections and motions *in limine* as the lines between the lawsuit and family can easily be blurred" and that "Defendant is causing the children to choose sides between their family where they do not have to be interjected in the system." (*Id.* at 6–7.)

Defendant Schaible responds that he "endeavored to complete timely discovery despite scheduling obstacles beyond his control and the Supplemental Rule 26(a)(1) disclosure was not unreasonably delayed." (ECF No. 220 at 3.) He argues that during her September 4, 2020 deposition, Plaintiff put at issue her children's knowledge regarding the debt she claims to have incurred to pay for their expenses; therefore, their testimony is "clearly relevant to the Plaintiff's allegations and purported damages in this matter, as well as [Defendant] Schaible's affirmative defense that Plaintiff has failed to mitigate her damages." (*Id.* at 4, 7.) He further contends that he timely disclosed John and Maria Schaible as trial witnesses and that "Plaintiff's argument that [he] was required to seek amendment of a disclosure deadline before supplementing his Rule 26(a)(1) disclosures is baseless because there is a continuing obligation to supplement and there is no deadline for supplemental disclosures." (*Id.* at 8.)

4

The Court is not persuaded that Defendant's supplemental Rule 26(a)(1) disclosures were timely.  Even assuming that Plaintiff put her children's knowledge regarding her expenses at issue for the first time during her deposition, Defendant waited two and a half months to file his supplemental disclosures and did not move to extend the discovery deadline.

However, the Court cannot conclude that striking John and Maria Schaible from Defendant Schaible's witness list and awarding Plaintiff attorney's fees are appropriate Rule 37(c) sanctions for Defendant Schaible's untimely supplemental Rule 26(a)(1) disclosures.  Critically, the Court is unable to conclude that Defendant Schaible's delay in disclosing John and Maria Schaible was willful or done in bad faith.  The Court further concludes that any prejudice to Plaintiff can be cured by reopening discovery through February 28, 2022 for the limited purpose of allowing Plaintiff to take John and Maria Schaible's depositions, if she wishes to do so.  Finally, to the extent that Plaintiff believes that any purported relevance of John and Maria Schaible's testimony is outweighed by the harm to Plaintiff and her children, such arguments are better addressed through a motion *in limine*.

Accordingly, the Court denies the Motion to Strike.

## II.  MOTION TO AMEND

In the Motion to Amend, Schaible seeks leave to amend the Final Pretrial Order to add four categories of documents to his exhibit list: (1) an English translation of the injunctive court order from Plaintiff's divorce proceeding in Mexico; (2) the full Mexican injunctive court order and its certified English translation; (3) the injunctive action filed by Plaintiff against her ex-husband, Michael Schaible, in Mexico; and (4) the

corresponding certification and Apostille authenticating the above-referenced items under the Hague Convention Abolishing the Requirement of Legalization for Foreign Public Documents of October 5, 1961, and the certified English translations thereof (collectively, the "Mexican Divorce Documents"). (ECF No. 229 at 1.)

### A. Legal Standards

The purpose of the Final Pretrial Order is to ensure the economical and efficient trial of every case on its merits without chance or surprise. *See Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987). Pursuant to Federal Rule of Civil Procedure 16(e), a Final Pretrial Order may be modified "only to prevent manifest injustice." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002); *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). The party moving for such modification bears the burden of proving that manifest injustice will result absent the amendment. *Davey*, 301 F.3d at 1208.

The Tenth Circuit has explained that when reviewing a decision by a district court to deny a request to amend a Final Pretrial Order, it will consider: (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order. *Koch*, 203 F.3d at 1222.

### B. Analysis

In his Motion to Amend, Defendant Schaible argues that manifest injustice will result if he is not allowed to amend the Final Pretrial Order to include the Mexican

Divorce Documents on his exhibit list. (ECF No. 229 at 4.) According to Defendant Schaible, he intends to argue at trial that

> Plaintiff has in fact traced and frozen the very assets which she is suing him for, and that Plaintiff is asking the jury to award her (and require Thomas Schaible to pay) an amount owed to her by Michael Schaible that can easily be satisfied with the assets in Mexico that a court has frozen at Plaintiff's request.

(*Id.* at 5.) Moreover, Defendant Schaible contends that the addition of these documents to his exhibit list does not surprise or prejudice Plaintiff because "her own Mexican divorce attorneys filed these documents and obtained the injunctive order on her behalf" and because Plaintiff has been aware of his intent to rely on the injunctive order in his defense. (*Id.* at 5–6.) He also points out that: (1) he included the Spanish version of the Mexican Injunction Order on his exhibit list (*see id.* at 3 (citing ECF No. 206 at 45)), and (2) he had requested the official court records in the course of discovery, but Plaintiff did not voluntarily produce them; as such, he did not receive the documents until Michael Schaible gave them to him on May 11, 2021 (*id.* at 4, 6).

In response, Plaintiff argues that the Mexican Divorce Documents "do not present a fact of consequence in determining this action" because she has not traced or frozen the assets for which she is suing and is still pursuing her claims against Michael Schaible. (ECF No. 231 at 5–6.) According to Plaintiff,

> to present to a jury the possibility that Plaintiff might in some uncertain future receive the payment she is owed is improper and unjustly prejudicial to Plaintiff. Relief from a judgment due to satisfaction or release should be sought through a Rule 60(b)(5) motion to the Court. The denial of Defendant's motion to amend the final pretrial order will not result in manifest injustice because the documents Defendants seek to add pertain to an inviable defense and

7

> Defendant's concerns of double recovery are addressed under a separate means of law.

(*Id.* at 6–7.) Plaintiff further argues that: (1) "[t]here is no excuse for Defendant's delay in seeking to add the Mexico Divorce Documents in this case"[3] and; (2) if amendment is allowed, "Plaintiff would be forced to collect, produce, and translate all of the dissolution documents from Mexico and designate an expert on Mexican law to defend against Defendant's misleading assertions about the alleged Mexican injunction (which does not exist)," which may require further amendments to the Final Pretrial Order. (*Id.* at 8.)

After carefully considering the parties' arguments, the Court has decided that Defendant Schaible should be allowed to amend his exhibit list to add the aforementioned documents. Significantly, the Final Pretrial Order was entered *before* Defendant Schaible received the English copies of the Mexican Divorce Documents. The Court cannot conclude that Defendant Schaible has acted in bad faith because he requested the documents in the course of discovery, but Plaintiff did not voluntarily produce them. Moreover, the fact that Plaintiff has been on notice of Defendant Schaible's intended defense and has had these documents in her possession weighs heavily in the Court's analysis of this issue.[4] *See Chimney Rock Pub. Power Dist. v. Tri-State Generation & Transmission Ass'n, Inc.*, 2013 WL 5663905, at *1 (D. Colo. Oct.

---

[3] This argument borders on disingenuous as Plaintiff does not dispute that Defendant Schaible sought, and was unable to receive, these documents from Plaintiff in discovery.

[4] It may well be that Plaintiff has a compelling argument that these documents are not relevant to the matters at issue in this action. However, given that Plaintiff's attempts to recover assets from Michael Schaible remain ongoing, the Court recognizes that the potential relevance of the documents today may be different from the potential relevance of the documents on May 31, 2022, when this case proceeds to trial. As such, the Court believes that Plaintiff's arguments regarding relevance are better addressed through a motion *in limine* or at trial.

17, 2013) (recognizing that "there is absolutely no surprise or prejudice in allowing [a party] to amend the Final Pretrial Order to list the additional damages documents as potential exhibits nor with expanding the summary of expected testimony . . . about which all parties were well-aware").  The Court is confident that Plaintiff still has ample time to prepare for trial, which is still nearly four and a half months away.

Moreover, the Court is unpersuaded by any argument by Plaintiff that allowing Defendant Schaible to add these documents to his exhibit lists will require Plaintiff to designate additional experts, reopen discovery, or require further amendments to the Final Pretrial Order.  As in any litigation, the parties' strategic decisions regarding expert disclosures came well before the issuance of the Final Pretrial Order and the parties' designation of trial exhibits.  Likewise, because Defendant Schaible included the Spanish-language version of the Mexican Injunction Order on his exhibit list (ECF No. 206 at 45), Plaintiff has been well aware of his intent to utilize documents from Plaintiff's Mexican case as part of his defense.

Accordingly, the Court grants the Motion to Amend.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion to Strike Defendant Thomas Schaible's Improperly Disclosed Witness Pursuant to Fed. R. Civ. P. 37(C) (ECF No. 213) is DENIED;

2. Plaintiff is GRANTED LEAVE to take the depositions solely of John and Maria Schaible on or before **February 28, 2022**;

3. Defendant Schaible's Motion for Leave to Amend Final Pretrial Order to Add Additional Documents from the Plaintiff's Divorce Case in Mexico (ECF No. 229) is GRANTED; and

4. Defendant Schaible is DIRECTED to file his revised exhibit list on or before **January 31, 2022**.

Dated this 24th day of January, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge