**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-02808-WJM-NYW

DIANNA CHRISTINE MURPHY,

      Plaintiff,

v.

SCHAIBLE, RUSSO & COMPANY, C.P.A'S, LLP and
THOMAS SCHAIBLE,

      Defendants.

---

## ORDER

---

Magistrate Judge Nina Y. Wang

      This matter is before the court on Defendant Schaible's Motion in Support of Taking Testimony *De Bene Esse* to Preserve the Testimony of Three Witnesses from Mexico (the "Motion") [Doc. 234, filed December 1, 2021]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated October 9, 2019 [Doc. 4], and the Memorandum dated December 3, 2021. [Doc. 235]. Upon review of the Motion and the related briefing, the applicable case law, and the entire docket, the Motion is **GRANTED**.

## BACKGROUND

      The court has discussed the background in this action in other Orders, *see, e.g.*, [Doc. 75; Doc. 173; Doc. 175], and does so again here only as necessary for purposes of the instant Motion. Plaintiff Dianna Christine Murphy ("Plaintiff" or "Ms. Murphy") and her ex-husband, Michael Schaible, were clients of Defendants from 1998 until late 2017. *See* [Doc. 33 at ¶¶ 1, 23, 24, 27]. During that period, Defendant Thomas Schaible ("Defendant

Schaible"),[1] the brother of Ms. Murphy's ex-husband, served as the former couple's financial advisor and was a general partner and agent of Defendant Schaible, Russo & Company, C.P.A.s, LLC ("SRC").  [*Id.*].

In early 2017, Plaintiff and her ex-husband's "marriage began to fall apart[.]"  [*Id.* at ¶ 2].  Once "divorce was imminent," Defendant Schaible and SRC allegedly helped Michael Schaible "deceive, defraud and deprive Plaintiff of her interest in a $2,566,710.00 joint cash account . . . that [Defendant Schaible] managed and controlled while a general partner of SRC and while owing fiduciary duties to Plaintiff."  [*Id.*].  Plaintiff alleges that Defendant Schaible, in disregard of his fiduciary duties to her, facilitated the transfer of the entirety of the balance of the former couple's joint cash account to Michael Schaible— without her knowledge or consent "and contrary to her express intentions."  [*Id.* at ¶ 3].  She asserts that Defendant Schaible and Michael Schaible engaged in a "scheme" to move cash "out of the United States and into Mexico to frustrate and interfere with [the former couple's] divorce proceeding to Michael's advantage and to Plaintiff's financial detriment."  [*Id.* at ¶ 17(o)].

The Parties dispute certain aspects of the former couple's divorce proceedings, and one such dispute gave rise to the instant Motion.  According to Defendant Schaible, Plaintiff obtained an injunction from a Mexican court which froze the assets on the couple's marital estate.  [Doc. 234 at 2].  Defendant Schaible asserts that Michael Schaible is "ready and willing to pay Plaintiff one half of the amount transferred from [the couple's] account," but cannot do so without Plaintiff lifting the freeze on the couple's

---

[1] For purposes of clarity, the court refers to Defendant Thomas Schaible as Defendant Schaible throughout this Order, while other individuals who share the surname of Schaible will be referred to by both their first and last names.

estate.  [*Id.*].  Plaintiff disputes this assertion, contending that "the Mexican annulment court noted that an injunction would only be entered once Plaintiff provided the court with a detailed inventory of her and Michael's properties and/or assets," and because Plaintiff did not provide the information requested by the court, "the injunction was never ordered and has no force or effect."  [Doc. 236 at 2].  Plaintiff represents that she "has not traced or frozen [the] assets of Michael [Schaible] in Mexico."  [*Id.*].

This court entered a Scheduling Order in this case on December 3, 2019.  [Doc. 25].  The Scheduling Order set, *inter alia*, a deadline for joinder of parties and amendment of pleadings of January 17, 2020; a discovery deadline of July 17, 2020; and a dispositive motions deadline of August 17, 2020.  [*Id.* at 8].  Upon Defendants' request to amend the Scheduling Order, the deadline for discovery was re-set to September 15, 2020; the dispositive motions deadline was re-set to October 16, 2020.  [Doc. 88].  A Final Pretrial Conference was held on April 9, 2021.  [Doc. 207].

On November 20, 2020, Defendant Schaible served supplemental Rule 26(a) disclosures identifying John Schaible and Maria Schaible—the son and daughter of Plaintiff and Michael Schaible—as witnesses for trial.  [Doc. 213 at 2-3].  On May 20, 2021, Plaintiff moved to strike the supplemental disclosures as untimely.  *See generally* [*id.*].  The presiding judge, the Honorable William J. Martínez, denied the Motion to Strike on January 24, 2022.  [Doc. 243].  While Judge Martínez found that the disclosures were untimely, the court found that striking John and Maria Schaible from Defendant Schaible's witness list was not an appropriate sanction for the untimely disclosure.  [*Id.* at 5].  To cure any prejudice resulting from the untimely disclosure, the court reopened discovery

through February 28, 2022 "for the limited purpose of allowing Plaintiff to take John and Maria Schaible's depositions, if she wishes to do so."  [*Id.*].

On December 1, 2021, Defendant Schaible filed the instant Motion, seeking leave to take "*de bene esse* videotaped depositions of three trial witnesses that are located in Mexico and are beyond the reach of the Court's process."  [Doc. 234 at 1].  More specifically, Defendant Schaible seeks leave to take videotaped depositions of John Schaible, Michael Schaible, and Michael Schaible's divorce attorney, Gustavo Echeveste ("Mr. Echeveste").  [*Id.*].  Defendant Schaible suggests that he intends to present a "mitigation of damages" defense at trial and seeks to present testimony from these individuals demonstrating, *inter alia*, Michael Schaible's desire to pay Plaintiff the $1.25 million but inability to do so based on the purported injunction. [*Id.* at 3-5, 7].  In addition, Defendant Schaible seeks leave to amend the Final Pretrial Order to include Mr. Echeveste as a trial witness.  [*Id.* at 9].  Plaintiff responded in opposition to the Motion on December 22, 2021, arguing that the requested testimony is not essential to this case and is sought for the improper purpose of discovering facts.  [Doc. 236].  Defendant Schaible has since replied.  [Doc. 241].  Because the Motion is ripe for disposition, I consider the Parties' arguments below.

## LEGAL STANDARDS

### I.    Rule 16

A Final Pretrial Order serves as a roadmap for the court and the Parties for an efficient and fair trial.  Rule 16(e) of the Federal Rules of Civil Procedure provides that "[t]he court may modify the [Final Pretrial Order] issued after a final pretrial conference on to prevent manifest injustice."  Fed. R. Civ. P. 16(e).  The party seeking to amend the

Final Pretrial Order bears the burden of demonstrating that manifest injustice would occur if such amendment was not permitted. *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (citing *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000)). To determine whether manifest injustice would occur, the court considers the following factors:

> (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order.

*Koch*, 203 F.3d at 1222 n.10. The determination of manifest injustice lies within the sound discretion of the court, which should be exercised in a manner that permits full and fair litigation of the claims. *See Roberts v. Roadway Express*, 149 F.3d 1098, 1107 (10th Cir. 1998); *Canales v. Principi*, 220 F.R.D. 627, 628 (D. Colo. 2004).

## II.   Preservation Testimony

"*De bene esse* depositions are essentially trial depositions used in place of a witness' live testimony pursuant to Federal Rule of Civil Procedure 32(a)(4)." *Crumb v. Stane*, No. 1:17-cv-001471-BAM, 2019 WL 1508059, at *2 (E.D. Cal. Apr. 5, 2019). In relevant part, Rule 32(a)(4) provides:

> A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . .
>
> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition.

Fed. R. Civ. P. 32(a)(4)(B). "The purpose of a *de bene esse* deposition is to perpetuate testimony where there is a bona fide concern that, if not taken, the testimony to be obtained at the deposition will be lost due to the unavailability of the witness at trial."

*Weiss v. First Unum Life Ins.*, No. CIV.A. 02-4249 (GEB), 2010 WL 1027610, at *2 (D.N.J. Mar. 16, 2010).  Courts in this Circuit characterize such depositions as "preservation depositions."  *See, e.g.*, *Mathews v. Denver Newspaper Agency LLP*, No. 07-cv-02097-WDM-KLM, 2009 WL 112819, at *2 (D. Colo. Jan. 15, 2009); *Odell v. Burlington N. R. Co.*, 151 F.R.D. 661, 663 (D. Colo. 1993); *Lifetime Prod., Inc. v. Russell Brands, LLC*, No. 1:12-CV-00026-DN-EJF, 2016 WL 3448473, at *3 (D. Utah June 20, 2016).

"The discovery rules do not distinguish depositions taken for discovery purposes from depositions taken to preserve evidence for trial."  *Lifetime Prod.*, 2016 WL 3448473, at *2.  Courts, however, "as a practical matter, occasionally have."  *Prince Lionheart, Inc. v. Halo Innovations, Inc.*, No. 06-cv-00324-WDM-KLM, 2007 WL 2935818, at *1 (D. Colo. Oct. 5, 2007).  Courts in this District generally find that there "is a practical distinction between a trial deposition and a discovery deposition" and thus preservation depositions do not constitute discovery.  *Id.* at *1-2 (citing cases); *Merlin v. Crawford*, No. 14-cv-01150-REB-NYW, 2016 WL 814580, at *2 (D. Colo. Mar. 2, 2016).

## ANALYSIS

## I.    Amendment of the Final Pretrial Order

Defendant Schaible seeks to amend the Final Pretrial Order to include Mr. Echeveste as a trial witness.[2]  [Doc. 234 at 9].  Although Defendant Schaible raises this argument second, the court finds it appropriate to address this argument first, so that any discussion of preservation testimony may be made in the full knowledge of potential witnesses.  Defendant Schaible argues that amendment of the Final Pretrial Order is appropriate because it was not until after the Final Pretrial Order was entered that

---

[2] Michael Schaible and John Schaible are already identified as witnesses in the Final Pretrial order [Doc. 208 at 31-32; Doc. 243].

"Plaintiff, for the first time, disputed that the Mexican court had frozen the couple's marital assets."   [*Id.*].   According to Defendant Schaible, manifest injustice will occur absent amendment because he will be prohibited from presenting evidence as to the  "core issue of mitigation of damages."  [*Id.* at 10].  Plaintiff makes no specific argument in opposition to amending the Final Pretrial Order.  *See generally* [Doc. 236].  However, Plaintiff does state that the factors the court considers in permitting preservation testimony "are the same factors the Court must consider when determining whether to grant leave for amending the final pretrial order."  [*Id.* at 5].   Thus, the court will construe Plaintiff's arguments as to the requested preservation testimony as simultaneously raised in opposition to the requested amendment.

    ***Prejudice or Surprise to Plaintiff***.  Defendant Schaible argues that there will be no prejudice or surprise to Plaintiff if the Final Pretrial Order is amended to include Mr. Echeveste as a witness because the mitigation-of-damages defense is "explained and referenced several times throughout the Final Pretrial Order" and Plaintiff has been on prior notice of Defendant Schaible's mitigation defense theories.  [Doc. 234 at 10]. Plaintiff counters that "[amending the Final Pretrial Order] is prejudicial because it pertains to irrelevant issues . . . and seeks to obtain additional discovery."  [Doc. 236 at 9].

    As to Plaintiff's arguments of relevancy, the court is unable to make any findings as to the relevancy of any evidence.  Judge Martínez recently declined to rule on the Parties' relevancy-based arguments on a separate motion to amend the Final Pretrial Order, wherein Defendant Schaible sought to add to his exhibit list certain documents from Plaintiff and Michael Schaible's divorce proceedings.  *See* [Doc. 213].  Specifically, Judge Martínez found that, because "Plaintiff's attempts to recover assets from Michael

Schaible remain ongoing, . . . the potential relevance of the documents today may be different from the potential relevance of the documents on May 31, 2022, when this case proceeds to trial." [Doc. 243 at 8, n.4]. He then concluded that "arguments regarding relevance are better addressed through a motion *in limine* or at trial." [*Id.*]. Here, too, the court finds it most appropriate that any determinations of relevance be made by Judge Martínez either at trial or through ruling on a motion *in limine*, if any. Accordingly, the court declines to consider <u>any</u> arguments concerning the relevancy, admissibility, or supportability of any evidence in this case in ruling on the instant Motion, as such arguments are properly reserved for Judge Martínez.

Insofar as Plaintiff argues that she would be prejudiced by the addition of Mr. Echeveste to the Final Pretrial Order because she "would be required to obtain an expert to combat Mr. Echeveste's false and misleading opinions on Mexican law and the divorce status," [Doc. 236 at 8], the court is unpersuaded. Defendant Schaible states that Mr. Echeveste will not testify as an expert, and is instead expected to testify—based on his knowledge of the facts and circumstances of the divorce proceedings—as to the existence of an alleged freeze on the marital estate. [Doc. 241 at 7-8]. The court takes this representation of defense counsel, who is an officer of the court, as true. *See Selsor v. Kaiser*, 81 F.3d 1492, 1501 (10th Cir. 1996) (observing that as officers of the court, statements of attorneys to the court are virtually made under oath). In addition, nothing in this Order prevents Plaintiff from availing herself of a proper objection and/or motion under Rule 702 of the Federal Rules of Evidence. Accordingly, the court is not convinced that Plaintiff will be prejudiced by the amendment of the Final Pretrial Order.[3]

---

[3] Plaintiff argues that she will suffer incurable prejudice if the Final Pretrial Order is amended. [Doc. 236 at 9]. Although the court has already found that Plaintiff has not

***Disruption of Trial***.  Trial in this case is set to commence on May 31, 2022.  [Doc. 216].  Defendant Schaible argues that amending the Final Pretrial Order to add Mr. Echeveste as a trial witness will not disrupt the trial because "Plaintiff will have months prior to trial to review the testimony."  [Doc. 234 at 11].  Plaintiff argues that "the injection of Mexican legal issues at this late stage would disrupt the orderly and efficiently trial of the case."  [Doc. 236 at 9].  However, Plaintiff offers <u>no</u> supporting argument or explanation for such an assertion.  *See* [*id*.].  Absent any argument from Plaintiff explaining why discussion of the divorce proceedings would disrupt the trial, the court is not persuaded that such disruption will occur, particularly where Judge Martínez has already concluded that Plaintiff has been "on notice" and "well aware" of Defendant Schaible's intended defense and his intent to rely on documents from the Mexican divorce proceedings as part of his defense.  *See* [Doc. 243 at 8, 9].

Plaintiff also suggests that the trial will be delayed by the amendment of the Final Pretrial Order.  [Doc. 236 at 9].  This assertion, too, is not supported by any explanation, but the court assumes that this assertion is be based on Plaintiff's belief that she will need to retain an expert witness if Mr. Echeveste is permitted to testify.  *See* [*id*.].  But the court is not persuaded by this assertion, as there is no indication in the record that Mr. Echeveste will offer expert opinions rather than lay witness, fact-based opinions.

While trial is approaching, it is not imminent.  The court does not find that the amendment of the Final Pretrial Order and the addition of Mr. Echeveste as a potential

---

demonstrated that she will be prejudiced by amendment and thus need not address any ability to cure, insofar as Plaintiff suggests that she will be prejudiced due to her belief that the trial will be delayed, *see* [*id*.], Plaintiff's arguments are specific to Defendant Schaible's request for preservation testimony; she does not identify any incurable prejudice that would result from an amendment of the Final Pretrial Order.  *See* [*id*.].

witness will disrupt the trial.  *Cf.* [Doc. 243 at 9 ("The Court is confident that Plaintiff still has ample time to prepare for trial, which is still nearly four and a half months away.")]; *see also Davey*, 301 F.3d at 1212 ("[I]f the motion to amend is made *prior* to trial, no disruption of an ongoing trial is threatened. . . . [B]ecause the trial had not started when the motion to amend was made, disruption to the trial process would have been minimal.").

*Bad Faith*.  Finally, the court must address bad faith, if any, of the party seeking amendment.  Defendant Schaible argues that the amendment is not sought in bad faith, but only pursuant to "the recent revelation that Plaintiff disputes that the Mexican court has frozen the couple's marital assets."  [Doc. 234 at 11].  Many of Plaintiff's bad-faith arguments go to Defendant Schaible's request for preservation testimony and are thus inapplicable to the court's present analysis.  *See* [Doc. 236 at 11].  Relevant here, Plaintiff asserts that Defendant Schaible's representation about the "recent revelation" is "unsubstantiated" because an injunction was never in place and, in any event, the former couple's assets "have no bearing on the issues . . . in this case."  [*Id.*].  Alternatively, Plaintiff asserts that the addition of Mr. Echeveste is an impermissible attempt to discover facts and to offer expert opinions.  [*Id.*].  According to Plaintiff, these factors demonstrate bad faith.

The court respectfully disagrees with Plaintiff.  First, the court simply cannot make any determination as to the Parties' dispute concerning whether an injunction is or has ever been in place.  Factual disputes will be resolved by the jury, not the court: "[I]t is the sole province of the jury to appraise credibility, draw inferences, determine the weight to be given testimony and to resolve conflicts in the facts."  *Kenworthy v. Conoco, Inc.*, 979

F.2d 1462, 1468 (10th Cir. 1992).  Moreover, the court has already explained why Plaintiff's arguments about impermissible expert testimony are unpersuasive and premature.  At bottom, the court finds no evidence of bad faith here.  *Cf.* [Doc. 243 at 8 (Judge Martínez explaining that, because "the Final Pretrial Order was entered *before* Defendant Schaible received the English copies of the Mexican Divorce Documents," the court was unable to conclude that Defendant Schaible acted in bad faith).

In sum, the court finds that amendment of the Final Pretrial Order is warranted here.  Accordingly, the Motion is **GRANTED** insofar as it seeks to amend the Final Pretrial Order to include Mr. Echeveste as a potential witness.  **In so ruling, the court does not pass on the admissibility of any testimony of Mr. Echeveste that may be offered by Defendant Schaible.**

## II.     Preservation Testimony

Next, Defendant Schaible seeks leave of court to take three depositions "to preserve trial testimony from unavailable witnesses": John Schaible,[4] Michael Schaible, and Mr. Echeveste.  [Doc. 234 at 5-6].  Plaintiff opposes this request.

### A.     Applicable Standards

First, the court must determine the proper standards through which to analyze Defendant Schaible's request.   In determining whether to permit a preservation deposition, a number of courts in this District have considered the following four factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

---

[4] Plaintiff was granted leave to take the deposition of John Schaible on or before February 28, 2022.  [Doc. 243 at 9].

*Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 356 (D. Colo. 2001); *see, e.g.*, *Antero Res. Corp. v. S. Jersey Res. Grp., LLC*, No. 15-cv-00656-REB-MEH, 2017 WL 1176414, at *1 (D. Colo. Mar. 30, 2017); *Prince Lionheart*, 2007 WL 2935818, at *2.   These factors substantially mirror the factors considered when determining whether a Rule 26(a) discovery violation was substantially justified or harmless.   *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).   While Defendant Schaible does not expressly raise any arguments pursuant to this test, it appears that he has considered at least some of these factors in his argument.   *See* [Doc. 234 at 6-8].

However, one court in this District has declined to apply the *Estenfelder* factors, finding it more appropriate to review the request for preservation depositions in two steps: "First, [the court] inquires whether the witness in question is essential to the trial. . . . The second step is to determine whether a preservation deposition is the only effective way to present the witness' testimony."   *Gen. Steel Domestic Sales, LLC v. Chumley*, No. 13-cv-00769-MSK-KMT, 2016 WL 2983741, at *4 (D. Colo. May 24, 2016).   Plaintiff suggests that this test is the primarily applicable test, but also states that "the court must consider" the *Estenfelder* factors.   [Doc. 236 at 4-5].

Considering each of these potential tests, the court finds it appropriate in this case to consider the impact of the requested preservation depositions on the trial and any prejudice to the opposing party's ability to prepare for trial, i.e., the *Estenfelder* factors, as well as the requirements of Rule 32(a), i.e., whether the witnesses are actually unavailable to testify at trial.   *See* Fed. R. Civ. P. 32(a)(4).   This court is obligated to apply the Federal Rules of Civil Procedure "to secure the jury, speedy, and inexpensive determination of every action and proceeding," and the court cannot conclude that its

Rule 1 obligations would be satisfied absent a determination that the witnesses are, indeed, unavailable for trial.   But insofar as Plaintiff requests that the court consider whether the witnesses are "essential" to the trial and whether a preservation deposition is "the only effective way" to present the requested testimony, the court declines to do so here.

First, Plaintiff's arguments concerning whether the witnesses' testimony is essential to this case put the cart before the horse.   Indeed, her contentions essentially boil down to an argument that the requested testimony is insufficient to support Defendant Schaible's anticipated defense, *see* [Doc. 236 at 5-6], and an argument that the requested evidence is not relevant to this case.   [*Id.* at 7-8].   But it is the responsibility of the jury, not the court, to weigh evidence.   *See Malandris v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 703 F.2d 1152, 1158 (10th Cir. 1981).   And as set forth above, Judge Martínez has demonstrated a preference in this case for waiting to rule on relevancy issues until such issues are raised in a motion i*n limine* or at trial.   [Doc. 243 at 8, n.4].   Here, too, the court finds it most appropriate that any determinations of relevance be made by Judge Martínez either at trial or through ruling on a motion *in limine*, if any.

Second, although Plaintiff argues that this court must consider whether videotaped deposition testimony is the "only effective way" to present the witness's testimony, Rule 32(a)(4) does not contain such a requirement.   Plaintiff argues that "Defendant has presented no evidence of the witnesses' unwillingness to attend the trial in person or via video conference."   [Doc. 236 at 5 n.1].   However, Rule 32(a)(4) provides that a witness is unavailable if the witness is outside the United States; it does not require that the witness be both outside the country *and* unwilling to travel to the United States, or that

the witness be both outside the country *and* unwilling to testify remotely.  *See* Fed. R. Civ. P. 32(a)(4)(B); *see also F.T.C. v. Neovi, Inc.*, No. 06-cv-1952 JLS JMA, 2012 WL 2859987, at *6 (S.D. Cal. July 11, 2012), *aff'd sub nom. F.T.C. v. Villwock*, 718 F. App'x 527 (9th Cir. 2017) ("[T]he definition of an unavailable witness under Rule 32(a)(4) does not contain a requirement that the witness be unwilling to testify at the [trial].").  While the court understands that remote means of communication have been regularly used over the past two years, the court does not read Rule 32(a)(4) as imposing any additional obligation on Defendant Schaible aside from demonstrating that the witnesses are unavailable for trial.  For these reasons, the court declines to consider the relevancy of the deposition testimony sought by Defendant Schaible or whether the testimony could be obtained through other methods.   With this framework in mind, I consider the Parties' arguments below.

> **B.   Analysis**

*Unavailability*.   First, the court finds that John Schaible, Michael Schaible, and Mr. Echeveste are "unavailable" within the meaning of Rule 32(a)(4).   The Federal Rules permit a party to use the deposition of a witness at trial if the witness is "unavailable," which includes any person who "is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition."   Fed. R. Civ. P. 32(a)(4)(B).   Here, Defendant Schaible represents that these witnesses each reside in Mexico and are "beyond the reach of the Court's process."   [Doc. 234 at 1].   Plaintiff does not argue that these individuals are not "unavailable" as defined by the Rule, nor does Plaintiff argue that their absence from the United States was procured by Defendant

Schaible.  *See* [Doc. 236].  Accordingly, the court finds that each of these witnesses are "unavailable" to testify at trial pursuant to Rule 32.

***Prejudice or Surprise to Plaintiff***.   Defendant Schaible argues that Plaintiff "cannot legitimately claim surprise" with respect to the requested preservation of testimony of John Schaible and Michael Schaible because they were both listed as witnesses on Defendant Schaible's Rule 26(a) disclosures and in the Final Pretrial Order. [Doc. 234 at 7].  In addition, he asserts that "it can hardly come as a surprise to Plaintiff" that Mr. Echeveste would be called to testify "in response to [Plaintiff's] recent denial that there is an injunction freezing distribution of her Mexican marital assets."  [*Id.*].   Plaintiff responds that taking the preservation depositions would prejudice her because (1) the depositions of Michael Schaible and Mr. Echeveste "pertain[] to irrelevant issues" and are requested only to "obtain additional discovery," and (2) John Schaible "does not have information relevant to this case."  [Doc. 236 at 9].  As set forth above, the court declines to pass on any issues of relevancy at this juncture, *see* [Doc. 243 at 8, n.4], and thus does not address these arguments.

In the Final Pretrial Order entered on April 9, 2021, Defendant Schaible stated that he "will call" John Schaible as a witness at trial, [Doc. 208 at 31], and that he "may call Michael Schaible to testify live (either in person or virtually, depending on the circumstances) at trial."  [*Id.* at 32].  While Defendant Schaible argues that Plaintiff "cannot legitimately claim surprise" because these witnesses were listed in the Final Pretrial Order, the court is not entirely persuaded by this argument; while John and Michael Schaible are, indeed, listed in the Final Pretrial Order, Defendant Schaible indicated that he would call Michael Schaible to testify <u>live</u> at trial.  [*Id.*].  And Defendant Schaible failed

to indicate in the Final Pretrial Order that did not intend to have John Schaible testify live at trial.  *See generally* [*id.*].  The court finds that seeking leave to take preservation testimony of Michael and John Schaible eight months after the Final Pretrial Order was entered and six months prior to trial could result in some level of surprise or prejudice to Plaintiff, as Plaintiff's counsel, and likely Plaintiff, will now—if the Motion is granted—need to virtually attend the preservation depositions of John and Michael Schaible.  Moreover, Mr. Echeveste is not listed in the Final Pretrial Order as a witness, and thus, permitting preservation testimony or Mr. Echeveste could potentially impact Plaintiff's trial strategy going forward.

Because the taking of preservation testimony may impact Plaintiff's trial strategy or require the attendance at unexpected depositions, the court finds some level of surprise or prejudice to Plaintiff may occur should the Motion be granted.  *Cf. Debuhr v. Hern, No*. 15-cv-02613-PAB-MEH, 2017 WL 11368447, at *1 (D. Colo. Nov. 1, 2017) (recognizing that the defendants would "certainly suffer some prejudice as a result of having to participate in the depositions nine weeks before trial"); *cf. Prince Lionheart*, 2007 WL 2935818, at *2 (finding that the plaintiff could be prejudiced by the costs incurred in attending additional deposition).

***Ability to Cure Prejudice***.  However, the court finds that the above-identified prejudice may be cured.  As Judge Martínez has already noted, the Parties will continue to have adequate time to prepare for trial even if the court were to permit some limited additional preservation depositions.  [Doc. 243 at 9].  The court thus finds that any prejudice to Plaintiff is minimal, may be cured, and does not "outweigh the potential

prejudice to Defendant if it is prevented from deposing a witness who may be crucial." *Prince Lionheart*, 2007 WL 2935818, at *2.

   ***Disruption to Trial***.   Defendant Schaible makes no argument with respect to the disruption of trial.   *See* [Doc. 234 at 5-9].   Plaintiff argues that taking the preservation depositions will delay the trial and that any continuance of the trial will prejudice Plaintiff by delaying her requested recovery.   [Doc. 236 at 10].   The court respectfully disagrees with Plaintiff for the reasons previously set forth; Judge Martínez has concluded that Plaintiff will have ample time to prepare for trial even if she conducts additional depositions of John and Maria Schaible during the month of February.   [Doc. 243 at 5]. Accordingly, the court does not find that any substantial impact on trial will occur if preservation testimony is permitted. *See Debuhr*, 2017 WL 11368447, at *2 (preservation depositions would not disrupt trial where the parties would "have over six weeks to prepare for trial" after the depositions were taken); *compare Merlin*, 2016 WL 814580, at *3 (finding that preservation depositions would disrupt trial where the depositions "would need to take place . . . less than three weeks from the date of [the court's] order and less than five weeks from the start of trial").

   ***Bad Faith or Willfulness***.   Defendant Schaible makes no argument with respect to bad faith or willfulness insofar as he seeks to take preservation testimony.   [Doc. 234 at 5-9].   Plaintiff argues that bad faith exists because (1) Defendant Schaible has not made a showing that any of the witnesses are unwilling or unable to appear at trial, and Defendant Schaible "ignores the fact that Michael [Schaible] recently and frequently appeared remotely in the Colorado divorce case;" (2) the testimony that Defendant Schaible seeks is irrelevant; (3) Defendant Schaible seeks testimony that is unsupported

by record evidence; (4) Defendant Schaible's assertion that the Motion was based on the dispute with respect to the injunction is "unsubstantiated" because an injunction was never in place and, in any event, the assets "have no bearing on the issues . . . in this case;" and (5) Defendant Schaible "seeks to use the preservation deposition of Mr. Echeveste not only to impermissibly discover facts about the Mexican divorce but also to improperly obtain his expert testimony and opinions."  [Doc. 236 at 10].

First, for the reasons previously discussed, the court does not address Plaintiff's arguments with respect to the relevancy or supportability of any evidence in this case, nor could the court make any ruling as to whether an injunction is or has ever been in place. To the extent that Plaintiff argues that Defendant Schaible's failure to establish that the witnesses are unwilling to testify demonstrates bad faith, the court disagrees, as Rule 32(a)(4) does not require such a showing.  Finally, while Plaintiff contends that Defendant Schaible's request for preservation testimony is an improper attempt to discover facts, the court is not convinced this is the case.  Defendant Shaible represents that the sole purpose of the requested depositions is to preserve testimony for trial.  [Doc. 234 at 5; Doc. 241 at 2].  While the court agrees that Defendant Schaible could have deposed Michael Schaible during discovery, "if the primary purpose of the deposition is to preserve testimony for trial, the deposition should not be disallowed simply because the information could have been derived in discovery."  *Mathews*, 2009 WL 112819, at *2 (quotation omitted); *see also Estenfelder*, 199 F.R.D. at 355.  The court does not find any evidence of bad faith here.  *Cf. Prince Lionheart*, 2007 WL 2935818, at *3 (where defendant did not realize the importance of witness until after plaintiff filed response to motion for summary judgment, finding no bad faith).

Accordingly, the court finds that, because John Schaible, Michael Schaible, and Mr. Echeveste are unavailable to testify at trial, and because the court does not find any incurable prejudice or disruption to trial, the court will **GRANT** the Motion insofar as it seeks to take preservation depositions of John Schaible,[5] Michael Schaible, and Gustavo Echeveste. **In so ruling, the court expressly does not pass on the admissibility of any testimony evidence at trial.**

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that:

(1) Defendant Schaible's Motion in Support of Taking Testimony *De Bene Esse* to Preserve the Testimony of Three Witnesses from Mexico [Doc. 234] is **GRANTED**;

(2) Defendant Schaible is **ORDERED** to file a revised witness list within **seven days** of this Order;

(3) Discovery is re-opened for the limited purpose of permitting Defendant Schaible leave to take preservation depositions of John Schaible, Michael Schaible, and Gustavo Echeveste within **30 days** of the date of this Order; and

(4)     All other case deadlines **REMAIN SET**.

DATED:  February 1, 2022                    BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

---

[5] Because the court granted leave to Plaintiff to take the deposition of John Schaible prior to February 28, 2022, *see* [Doc. 243 at 9], this court expects that Mr. John Schaible, as a non-party witness, will only be subject to one deposition during which both sides may ask questions.  Fed. R. Civ. P. 30(a)(2)(ii).