IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-2808-WJM-NYW

DIANNA CHRISTINE MURPHY,

    Plaintiff,

v.

SCHAIBLE, RUSSO & COMPANY, C.P.A.'S, L.L.P., and
THOMAS SCHAIBLE,

    Defendants.

---

## ORDER DENYING DEFENDANT THOMAS SCHAIBLE'S
## MOTION FOR A STAY OF TRIAL

---

This matter is currently set for a 5-day jury trial beginning on May 31, 2022. (ECF No. 216.) Before the Court is Defendant Thomas Schaible's ("Defendant Schaible") Motion for a Stay of Trial ("Motion"), in which he requests a stay of the trial pending resolution of Plaintiff Dianna Christine Murphy's Mexican divorce proceedings with her husband, Michael Schaible. (ECF No. 250.) Defendant Schaible, Russo & Company, C.P.A.'s, L.L.P. joined in the Motion. (ECF No. 253.) Plaintiff responded in opposition. (ECF No. 254.)

The Court presumes familiarity with the extensive procedural and factual background of this case, which will not be repeated here. (*See, e.g.*, ECF No. 232.) For the reasons explained below, the Motion is denied.

The Court has the inherent authority to "stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel,

and for litigants.'" *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

In assessing a request for a stay of proceedings pending the resolution of another case in a foreign jurisdiction, courts consider the following factors: (1) the similarity of the parties and issues involved in the foreign litigation; (2) the promotion of judicial efficiency; (3) the adequacy of relief available in the alternative forum; (4) issues of fairness to and convenience of the parties, counsel, and witnesses; (5) the possibility of prejudice to any of the parties; and (6) the temporal sequence of the filing of the actions. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Kozeny*, 115 F. Supp. 2d 1243, 1247 (D. Colo. 2000).

Defendant Schaible argues that a stay in this action is warranted because "the trial of this case is likely to be obviated (or at least significantly streamlined) by the resolution of Plaintiff's matrimonial cases which are currently pending in Mexico." (ECF No. 250 at 1.) He argues that because "Plaintiff is presumptively entitled under Mexican law to one half of the marital assets," the Mexican divorce proceedings will unwind the financial transfers that are the subject of this lawsuit and make Plaintiff whole, which could eliminate the need for a trial in this matter. (*Id.* at 7.) Moreover, according to Defendant Schaible,

> [a]llowing this case to proceed prior to the [resolution of Plaintiff's Mexican divorce proceedings] could result in an unfair and inequitable windfall or double recovery to Michael [Schaible] or [Plaintiff]. If the jury were to award Plaintiff $2.5 million in this case, she would then have the opportunity to

> proceed against Michael [Schaible] in the Divorce
> Proceeding and collect the same $2.5 million from Michael
> [Schaible].  Michael [Schaible], conversely, will argue for an
> offset on the total amount he owes Plaintiff, as she would
> have essentially received 100% of the brokerage account.  If
> the Mexican court gives Michael [Schaible] credit for this
> amount, then he would achieve an unfair and inequitable
> windfall at his brother's expense.

(*Id.* at 8–9.)

In arguing that the equities weigh in favor of a stay, Defendant Schaible further points to the considerable burden and expense that he and his business partner will incur in preparing for and trying this case in Denver, the "substantial economic and psychological" stress that this lawsuit has caused him, the fact that Plaintiff is a party in both actions, and the fact that the Mexican divorce proceedings were filed before this lawsuit.  (*Id.* at 7–10; ECF No. 251.)

Plaintiff responds that the relevant factors weigh against a stay, arguing, *inter alia*: (1) there is little similarity between the parties in this case and the Mexican divorce proceedings and that the temporal sequence of the actions do not support a stay; (2) judicial efficiency is not promoted by a stay; (3) the Mexican divorce proceedings will not provide Plaintiff adequate relief; (4) fairness and convenience of the parties, counsel and witnesses supports denial of the Motion; and (5) a stay would cause Plaintiff severe prejudice.  (ECF No. 254 at 2–11.)

After carefully considering the parties' arguments, the Court finds that a stay of the upcoming trial is not warranted.  Although Plaintiff is a party to both this action and the Mexican divorce proceedings, the Court cannot conclude that the actions are so similar as to warrant a stay.  After all, the resolution of Plaintiff's divorce proceedings will

not determine whether Defendants—who are not parties to the divorce proceedings—breached their fiduciary duties to Plaintiff by transferring funds to Michael Schaible.

Moreover, Defendant Schaible's concerns regarding double recovery are overstated and should not deprive Plaintiff of an opportunity to pursue her breach of fiduciary claims against Defendants.  As the Court recognized in response to Defendants' standing arguments in its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and Denying Defendants' Motion to Disqualify Counsel for Plaintiff:

> On the allegations, however, Plaintiff has suffered an economic loss at the hands of Thomas [Schaible]; the fact that *Michael* [Schaible] has been ordered to remedy such loss is of no moment. . . .  While Plaintiff would perhaps lack standing had Michael [Schaible] actually paid Plaintiff her equitable share of the wrongfully transferred funds, it is uncontested in this litigation that Michael [Schaible] has failed to make *any* payments to Plaintiff pursuant to the divorce court's permanent orders.
>
> . . .
>
> The Court can redress Plaintiff's injury by awarding her damages in the amount of her equitable share of the funds that were transferred to Mexico.  Should Michael [Schaible] ultimately pay Plaintiff pursuant to the divorce court's permanent orders, a [Federal Rule of Civil Procedure] 60(b)(5) amendment of judgment would likely be appropriate.  This does not mean, however, as Defendants contend, that the Court cannot redress Plaintiff's injuries.

(ECF No. 82 at 13–14, 17–18 (emphasis in original).)

While the Court agrees in principle that Plaintiff is not entitled to a double recovery, Defendant Schaible's concerns regarding double recovery are not ripe for adjudication and do not form a basis to stay this action indefinitely.  To the contrary,

4

these are arguments that the Mexican courts may take up in determining the equitable division of Plaintiff and Michael Schaible's assets in the event that Plaintiff prevails in this action first and obtains a monetary judgment from Defendants.[1]  Moreover, even if Plaintiff's economic damages are reduced as a result of the ultimate resolution of the Mexican divorce proceedings, there are still other forms of relief that Plaintiff may be entitled to in this lawsuit, including damages for her purported emotional distress and damages resulting from the loss of the time value of her money.  As such, the Court cannot conclude that a stay will obviate the need for a trial in this action or will otherwise promote judicial efficiency.

Finally, the Court is unpersuaded that issues of fairness and convenience or the possibility of prejudice weigh in favor of a stay.  It is unclear when the Mexican divorce proceedings will resolve, and the indefinite passage of time may cause witnesses' memories to fade in this action.  Moreover, although the Court recognizes that preparing for trial can become a time consuming and expensive endeavor, neither these burdens nor the fact that this case has "caused a substantial disruption to [Defendants'] business and on [Defendant Schaible's] life" (ECF No. 251) are compelling reasons to stay this trial.

Accordingly, for the reasons set forth above, the Court ORDERS that Defendant Schaible's Motion for a Stay of Trial (ECF No. 250) is DENIED.

---

[1] Likewise, Defendant Schaible's arguments that Michael Schaible may receive an "unfair and inequitable windfall" at his expense in the event that: (1) Plaintiff recovers a monetary judgment from Defendant Schaible, and (2) the Mexican courts give Michael Schaible credit for Plaintiff's judgment against Defendant Schaible, are unavailing.  (ECF No. 250 at 8–9.) Michael Schaible has not been joined as a party in this action, and the Court will not speculate regarding hypothetical arguments he may raise in other legal proceedings.

Dated this 2nd day of March, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge

6