IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-2808-WJM-NYW

DIANNA CHRISTINE MURPHY,

      Plaintiff,

v.

SCHAIBLE, RUSSO & COMPANY, C.P.A.'S, L.L.P., and
THOMAS SCHAIBLE,

      Defendants.

---

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION *IN LIMINE* AND DENYING DEFENDANTS' JOINT MOTION *IN LIMINE*

---

Plaintiff Dianna Christine Murphy sues her brother-in-law, Thomas Schaible, and Schaible, Russo & Company, C.P.A.'s L.L.P. ("SRC") (jointly, "Defendants") for breach of fiduciary duty.  Familiarity with the extensive procedural history and the parties' respective versions of events, recounted elsewhere (*e.g.*, ECF Nos. 208, 232), is presumed.

Before the Court is Defendants' Joint Motion *in Limine* ("Defendants' Motion"), filed April 15, 2022.  (ECF No. 268.)  Plaintiff responded on April 25, 2022.  (ECF No. 275.)  Also before the Court is Plaintiff's Motion *in Limine* ("Plaintiff's Motion"), filed April 15, 2022.  (ECF No. 266.)  Defendants responded April 25, 2022.  (ECF No. 277.)

For the reasons explained below, Defendants' Motion is denied, and Plaintiff's Motion is granted in part and denied in part.

## I.  LEGAL STANDARDS

"The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ."  *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994); *see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the admission of evidence.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action."  Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.

## II.  DEFENDANTS' MOTION *IN LIMINE* (ECF No. 268)

Defendants argue that the Court should preclude evidence and argument on the following topics: (1) whether Plaintiff's damages in this case include the money that Michael Schaible transferred from assets in U.S. accounts to Mexico; (2) Plaintiff's attorneys' fees and costs; and (3) exemplary damages.  (ECF No. 268.)

### A.    Evidence Regarding Plaintiff's Damages

Defendants seek to preclude Plaintiff from presenting any evidence or argument that her damages in this case include the assets that Michael Schaible transferred from the couple's U.S. accounts to Mexico.  (ECF No. 268 at 4.)  They contend that Plaintiff

filed a Petition for Dissolution of Marriage in the Larimer County, Colorado District Court

on June 2, 2017 and that on February 24, 2019, the Larimer County District Court

issued the "Permanent Orders *nunc pro tunc* to January 31, 2019" (the "Permanent

Orders"). (*Id.*)  Defendants represent that, among other things, the Larimer County

District Court allocated the investment accounts in the U.S. to Plaintiff as her sole and

separate property and allocated the accounts in Mexico to Michael Schaible as his sole

and separate property.  (*Id.* at 5.)  According to Defendants,

> Plaintiff's contention that her damages for Defendants'
> alleged breach of fiduciary duty include "some or all of the
> $2.5 million transferred in March 2017 and some or all of the
> value of the Voya annuity" would require the jury to
> impermissibly speculate.  The Permanent Orders confirm
> that the money Michael Schaible transferred to accounts in
> Mexico was an asset of the marital estate that the [Larimer
> County] District Court included in its allocation.  The only
> avenue for the jury to find that Defendants' alleged breach of
> fiduciary duty resulted in Plaintiff's failure to receive some or
> all of the money Michael transferred to the accounts in
> Mexico would be for the jury to speculate that the [Larimer
> County] District Court would have allocated the investment
> accounts to her even if Michael had not transferred the $2.5
> million and $749,752.94 Voya proceeds to Mexico.  This
> theory is speculative *per se* and prohibited under Colorado
> law.

(*Id.* at 6.)  Defendants further argue that Plaintiff did not endorse an expert to testify

regarding how Michael Schaible's transfer of marital assets to Mexico impacted the

Larimer County District Court's allocation of marital assets to Plaintiff and that Plaintiff

does not have the personal knowledge to testify about whether the Larimer County

District Court would have allocated to Plaintiff some or all of the money Michael

Schaible transferred to Mexico.  (*Id.* at 8–9.)

3

As an initial matter, as Plaintiff points out, this portion of Defendants' Motion is a thinly-veiled motion for summary judgment because it seeks a ruling that some or all of Plaintiff's damages are unavailable as a matter of law.  The Court could deny this portion of Defendants' Motion on this basis alone.  (*See* WJM Revised Practice Standard III.G.1. ("A motion *in limine* that is a veiled motion for summary judgment may also be denied out of hand.").)

At any rate, Defendants' argument misses the mark.  The jury will be asked to determine whether Defendants breached their fiduciary duties to Plaintiff in 2017, and, if so, the amount she was harmed by Defendants' actions.  How the Larimer County District Court allocated assets belonging to the couple two years later does not meaningfully affect this analysis.  As the Court has already recognized in the context of determining whether Plaintiff has suffered an injury in fact:

> On the allegations, however, Plaintiff has suffered an economic loss at the hands of Thomas [Schaible]; the fact that *Michael* [Schaible] has been ordered to remedy such loss is of no moment.  . . .  While Plaintiff would perhaps lack standing had Michael [Schaible] actually paid Plaintiff her equitable share of the wrongfully transferred funds, it is uncontested in this litigation that Michael [Schaible] has failed to make *any* payments to Plaintiff pursuant to the divorce court's permanent orders.
>
> . . .
>
> The Court can redress Plaintiff's injury by awarding her damages in the amount of her equitable share of the funds that were transferred to Mexico.  Should Michael [Schaible] ultimately pay Plaintiff pursuant to the divorce court's permanent orders, a [Federal Rule of Civil Procedure] 60(b)(5) amendment of judgment would likely be appropriate.

(ECF No. 82 at 13–14, 17–18.)

This analysis applies with equal force to the present evidentiary dispute.  As

Plaintiff points out, she still has not received any of the required payments from Michael

Schaible pursuant to the Permanent Orders.  (ECF No. 275 at 3.)  As such, *if* the jury

determines that Defendants breached their fiduciary duties to Plaintiff, the jury will be

also entitled to consider whether—and the extent to which—Plaintiff was harmed as a

result of *Defendants'* conduct.  Any amount that she would receive in such a scenario

would come from *Defendants*, not Michael Schaible.  Whether, and the extent to which,

this affects the Larimer County District Court's allocation of marital assets is a matter for

the parties (or Michael Schaible, who—it cannot be stressed enough—is *not* a party to

this case) to take up with the Larimer County District Court.

In the Court's view, the Larimer County District Court divorce proceedings bear

little to no relevance to the breach of fiduciary duty claim in this action.  Under Rule 403,

the marginal probative value of allowing evidence or argument related to the Larimer

County District Court proceedings is substantially outweighed by a danger of confusing

the issues, misleading the jury, and causing a considerable waste of the Court's and the

parties' time, effort, and attention.  After all, to the extent Defendants are permitted to

introduce evidence relating to the Larimer County District Court proceedings, the Court

anticipates that Plaintiff would then attempt to present her own rebuttal evidence

relating to Michael Schaible's compliance (or lack thereof) with the orders in those

proceedings, thereby creating a hugely-disruptive trial within a trial far removed from the

underlying claim in this lawsuit.  Accordingly, exercising its authority under Federal Rule of Evidence 611 to control the introduction of evidence, avoid wasting time and resources, as well as confusing the issues to be presented to the jury, the Court will not permit any argument or evidence relating to the Larimer County District Court proceedings at trial.

Accordingly, this portion of Defendants' Motion is denied.

**B.     Evidence Regarding Damages Based on Attorney's Fees and Costs**

Defendants argue that under Colorado law, to the extent that Plaintiff seeks to recover her attorney's fees and costs as damages, those fees and costs "must be determined by the trier of fact and proved during the damages phase."  (ECF No. 268 at 9.)  They argue that because Plaintiff did not provide a computation of her attorney's fees and costs and did not produce all non-privileged documents supporting her computation, Plaintiff should be barred from seeking her attorney's fees and costs.

Plaintiff responds that Colorado law provides that an award of attorney's fees in a breach of trust action should not be considered damages to be determined by the jury. (ECF No. 275 at 3.)  She argues that although "[a]ttorney's fees as damages are available in Colorado under the 'wrong of another' doctrine, . . . Plaintiff does not and has never sought such damages" and therefore that she was not required to provide computation and/or evidence regarding her attorney's fees prior to trial.  (*Id.* at 4–5.) She further contends that if she is the prevailing party, it will be proper for the Court to award attorney's fees under Federal Rule of Civil Procedure 54(d).  (*Id.*)

Based on Plaintiff's representation that she is not seeking attorney's fees and

6

costs as *damages* that must be determined by the jury, this portion of Defendants'

Motion is denied as moot.  However, this ruling is not intended to preclude Plaintiff from

filing a post-trial motion seeking attorney's fees and costs under Federal Rule of

Evidence Rule 54(d) to be determined by the Court *if* she prevails at trial and *if* she is

entitled to do so pursuant to applicable case law.

Accordingly, this portion of the Defendants' Motion is denied as moot.

**C.      Evidence Regarding Exemplary Damages**

Defendants seek to preclude Plaintiff from presenting evidence or argument to

support a claim for exemplary damages.  (ECF No. 268 at 10.)  They note that although

the Court has twice denied Plaintiff's requests to add a claim for exemplary damages,

Plaintiff states in the Final Pretrial Order that "she seeks exemplary damages against

both Defendants based on their willful and wanton conduct."  (*Id.* (citing ECF No. 208 at

17).)

Plaintiff responds that there is no evidentiary issue concerning punitive damages

as it will be up to the Court to decide whether to instruct the jury on punitive damages.

(ECF No. 275 at 5.)  She further argues that she will "put on her evidence at trial

regarding breach of fiduciary duty; there is no separable evidence that relates solely to

punitive damages such as the financial condition of the Defendants."  (*Id.*)

Because the Court has already twice denied Plaintiff's requests to add an

exemplary damages claim at trial (*see* ECF Nos. 150, 205), the undersigned will neither

instruct the jury on exemplary damages nor allow counsel to make arguments on this

topic.  Given that the Court has already ruled on such matters, this portion of

Defendants' Motion is denied as moot.

The Court agrees with Plaintiff, however, that the *evidence* supporting a claim for exemplary damages claim is not separable in any meaningful manner from her evidence at trial regarding her breach of fiduciary duty claim.  The Court therefore will not limit Plaintiff's presentation of evidence at this juncture.  Accordingly, this portion of Defendants' Motion is denied.

### III.  PLAINTIFF'S MOTION *IN LIMINE* (ECF No. 266)

Plaintiff seeks an to preclude all evidence and argument concerning: (1) any settlement offers from Michael Schaible, (2) Plaintiff's financial wealth, including but not limited to, amounts awarded to her pursuant to the Larimer County District Court's Permanent Orders and resulting judgments and her ownership of real estate and businesses in Mexico, (3) the pending Mexican divorce and pending Mexican annulment proceeding between Michael Schaible and Plaintiff, including but not limited to the alleged Mexican injunction and the possible future division of their Mexican assets, (4) any expert testimony of Mr. Gustavo Echeveste, and (5) the English translations of the Mexican divorce and annulment proceeding documents.  (ECF No. 266 at 1.)  The Court considers each request below.

### A.    Settlement Offers

Plaintiff contends that Defendant Schaible intends to present evidence and arguments regarding Michael Schaible's settlement offers to Plaintiff for the purpose of arguing that she has failed to mitigate her damages by unreasonably refusing Michael Schaible's settlement offer.  (ECF No. 266 at 2.)  She represents that Michael Schaible

offered her $1.25 million in exchange for her releasing her claims against Defendants (which she values at more than $3.25 million), as well as her interest in a Mexican entity known as "Baja Vivero," which held real estate interests valued by the Larimer County District Court in January 2019 at $4,648,896.71.  (*Id.* at 3.)  She contends that this evidence must be excluded under Federal Rules of Evidence 403 and 408.  (*Id.*)

Defendants respond that they do not intend to use Michael Schaible's settlement offer to either prove or disprove the validity or amount of Plaintiff's claim or for mitigation of damages; to the contrary, they argue "[t]he evidence and arguments of Michael Schaible's offer to pay Plaintiff rebuts her assertion that assets in Mexico are lost to Plaintiff or that Michael Schaible is unwilling to pay."  (ECF No. 277 at 1–2.)

After carefully considering the parties' arguments, the Court concludes that it is proper to exclude evidence and argument regarding Michael Schaible's settlement offer to Plaintiff.  If the Court were to allow Defendants to present the evidence or argument relating to Michael Schaible's settlement offer, the Court would also be required to allow Plaintiff to present rebuttal evidence regarding the fairness of the offer.  Such issues bear little relevance to the breach of fiduciary duty claim at issue in this litigation. Moreover, under Rule 403, any limited probative value of this evidence would be substantially outweighed by its prejudicial value, namely confusing the issues to be decided by the jury, as well as wasting the Court's and parties' time.

Accordingly, the Court grants this portion of Plaintiff's Motion.

**B.   Evidence of Mexican Divorce and Annulment Proceedings**

Plaintiff seeks to preclude Defendants from introducing any argument or

evidence regarding her and Michael Schaible's Mexican divorce and annulment proceedings.  (ECF No. 266 at 5.)  She argues that "evidence concerning the Mexican legal proceedings—dissimilar proceedings that do not involve either Defendant—have no bearing on any of the elements of Plaintiff's claim or the Defendants' affirmative defenses in this case." (*Id.*)  She further points to Michael Schaible's statements that the funds frozen in Mexico have been spent, and she contends that any evidence or argument about the division of assets in the Mexican divorce proceeding is purely speculative and irrelevant.  (*Id.*)

Defendants respond that "Michael Schaible and Gustavo Echeveste will testify that the proceedings in Mexico are necessary in order for Michael Schaible to sell and withdraw profits from the businesses and properties the former couple own in Mexico." (ECF No. 277 at 4.) They represent that "Michael will testify that he cannot pay Plaintiff until he obtains orders from the Mexican court allowing the required sales and transfers" and that "the testimony on the proceedings in Mexico will inform the jury that Plaintiff has refused to participate in the proceedings in Mexico required to facilitate those transfers." (*Id.* at 4–5.)

The Court first considers whether Defendants have properly preserved their argument that the Mexican proceedings are related to their failure to mitigate defense. In the Final Pretrial Order, Defendants describe their failure to mitigate affirmative defense without explicitly referencing Mexican proceedings:

> Plaintiff failed to mitigate her alleged damages by placing
> restrictions on the transfer of her marital property and then
> refusing to authorize transfers of funds to allow for the timely

> payment of expenses and debts incurred by herself and her family members.  Plaintiff also was in possession of significant assets, including two new diamond rings valued at over $50,000, but chose not to sell or liquidate those assets to pay her bills, and instead incurred debt.  Defendant is not responsible for [P]laintiff's decisions to incur debt rather than use her substantial assets to fund her living expenses. Accordingly, Plaintiff cannot recover those expenses and interest payments from Defendant.
>
> Further, Michael Schaible has offered to return the [P]laintiff's equitable share of the $2.5 million funds he received and [P]laintiff has refused to accept this payment. Plaintiff has also refused to provide her authorization to sell their marital assets so that Michael Schaible can satisfy her January 2019 Colorado divorce $8 million judgment.

(ECF No. 208 at 22–23.)  Accordingly, the Court is not persuaded that Defendants have properly preserved their argument that Plaintiff's purported refusal to participate in the Mexican proceedings is evidence of her failure to mitigate damages.

However, even assuming Defendants have not waived this argument, the Court still cannot reasonably conclude that evidence of the Mexican proceedings is relevant. In considering the parties' arguments, the Court must again remind itself what *this* lawsuit is about: whether Defendants breached their fiduciary duties to Plaintiff.  If Plaintiff prevails at trial, she will obtain a judgment against *Defendants*, not Michael Schaible.  As such, non-party Michael Schaible's willingness to pay Plaintiff from proceeds of the Mexican divorce settlement (to which Defendants are not parties) and Plaintiff's compliance (or lack thereof) with the Mexican divorce proceedings does not

bear any obvious connection to the issues in this lawsuit.[1]  Any purported relevance

becomes even more attenuated when the Court considers the following facts: (1) the

Mexican proceedings remain ongoing; and (2) Michael Schaible has yet to comply with

the Permanent Orders, thus casting doubt on any notion that the only thing stopping

Plaintiff from recovering amounts allegedly owed to her is her purported lack of

participation in the Mexican divorce proceedings.[2]

Furthermore, the limited relevance of Plaintiff's participation in the Mexican

divorce proceedings is vastly outweighed by a danger of confusing the issues and

needlessly and extraordinarily complicating the trial.  Accordingly, pursuant to Rule 403

and exercising its authority under Federal Rule of Evidence 611 to control the

introduction of evidence and avoid wasting time, the Court will not permit any argument

or evidence relating to the Mexican divorce and annulment proceedings at trial.[3]

## C.    Evidence of Plaintiff's Financial Wealth

---

[1] This conclusion is consistent with the undersigned's Order Denying Defendant Thomas Schaible's Motion for Stay of Trial.  (See ECF No. 258 at 3–4 ("After all, the resolution of Plaintiff's divorce proceedings will not determine whether Defendants—who are not parties to the divorce proceedings—breached their fiduciary duties to Plaintiff by transferring funds to Michael Schaible.").)

[2] Indeed, on March 7, 2022, Defendant Schaible's counsel informed the Court that although he had previously anticipated that Michael Schaible would testify in his deposition that "[t]he funds which Michael transferred to Mexico are intact and available to return to [P]laintiff as part of the equitable distribution in Mexico," Defendant Schaible's counsel subsequently learned that Michael Schaible would likely testify that the funds have been reinvested in supporting his children and maintaining the businesses, properties, and other assets that he and Plaintiff continue to own together in Mexico.  (ECF No. 261.)

[3] The Court reiterates that neither Defendants nor Michael Schaible are without their recourse by the undersigned's ruling.  After all, if Plaintiff prevails at trial, the parties will be able to argue what effect, if any, the resulting judgment against Defendants should have on the ongoing Mexican divorce and annulment proceedings.  (ECF No. 258 at 4–5.)

Plaintiff requests, pursuant to Rules 402 and 403, that the Court prohibit the

Defendants from introducing evidence and argument concerning Plaintiff's assets,

including but not limited to the amounts awarded to her pursuant to the Larimer County

District Court's Permanent Orders, her ownership of real estate and businesses in

Mexico, and her judgments against Michael Schaible.  (ECF No. 266 at 3–4.)  She

argues that this evidence is irrelevant because her claim for damages resulting from her

purported emotional distress "does not arise out of financial destitution" and is instead

based on "the emotional distress that Defendants caused her by depriving her of control

over more than $3.25M, interfering with her wish to live her life independently from

Michael [Schaible], and their betrayal of trust when she needed Defendant Schaible the

most."  (*Id.* at 4.)

Defendants argue that although Plaintiff's wealth is not at issue, the amounts she

was awarded pursuant to the Permanent Orders and her ownership of real estate and

businesses in Mexico are directly relevant to determining "whether Plaintiff sustained he

economic damages she claims and whether she has failed to mitigate her damages."

(ECF No. 277 at 2.)

As an initial matter, for the reasons set forth above in Part II.A, the Court has

already excluded evidence and argument relating to the Larimer County District Court

proceedings and Mexican divorce and annulment proceedings.  Moreover, the Court

agrees with Plaintiff that evidence regarding her financial assets is not directly relevant

to the underlying issues in this litigation and therefore should be excluded.  As the Tenth

Circuit has recognized, "[r]eference to the wealth or poverty of either party, or reflection

13

on financial disparity, is clearly improper argument." *Garcia v. Sam Tanksley Trucking, Inc.*, 708 F.2d 519, 522 (10th Cir. 1983).

Nonetheless, Plaintiff may open the door to the introduction of this evidence during trial by arguing that Defendants' purported actions caused her financial distress. If this happens, evidence relating to Plaintiff's financial wealth may become relevant as rebuttal evidence or as impeachment evidence.  However, unless and until Plaintiff inexplicably opens that evidentiary door by placing her financial status at issue, Defendants will not be permitted to introduce evidence or argument regarding Plaintiff's wealth.

Accordingly, this portion of Plaintiff's Motion is granted in part and denied in part as set forth herein.

**D.     Mr. Echeveste's Expert Opinion Testimony**

Plaintiff contends that Gustavo Echeveste gave expert testimony regarding the Mexican divorce and annulment proceedings during his March 10, 2022 preservation deposition notwithstanding the fact that he was never disclosed as an expert witness. (ECF No. 266 at 8.)  She argues that his testimony must be excluded: (1) as improper expert opinion testimony; (2) for the same reasons for excluding evidence of the Mexican divorce and annulment proceedings; (3) because Mr. Echeveste served as both Michael Schaible's divorce attorney and as the attorney for the couple's jointly owned Mexican business, he has a conflict of interest under Colorado Rule of Professional Conduct 1.7(a)(2). (*Id.*)

Because the Court has excluded all evidence of the Mexico divorce and

14

annulment proceedings—including Mr. Echeveste's testimony regarding those
proceedings—this portion of Plaintiff's Motion is denied as moot.

**E.      English Translations of Mexican Divorce and Annulment Proceedings**

Plaintiff argues that the Court should preclude any argument or evidence
regarding the English translations of certain documents from the Mexican divorce and
annulment proceedings on the basis that these documents were not properly
authenticated.  (ECF No. 266 at 9–10.)

Because the Court has excluded all evidence of the Mexico divorce and
annulment proceedings, this portion of Plaintiff's Motion is denied as moot.

## IV.  EFFECT OF THIS ORDER ON REMAINING TRIAL DELIVERABLES

The Court pauses to clarify how this Order affects other rulings issued by the
undersigned throughout the course of litigation in this case.

First, the Court wishes to avoid any lingering uncertainty about the effect of the
Court's rulings today on: (1) the undersigned's January 24, 2022 Order Denying
Plaintiff's to Strike Defendant Thomas Schaible's Improperly Disclosed Witness
Pursuant to Fed. R. Civ. P. 37(c) and Granting Defendant Schaible's Motion for Leave
to Amend Final Pretrial Order to Add Additional Documents From the Plaintiff's Divorce
Case in Mexico (ECF No. 243); and (2) United States Magistrate Judge Nina Y. Wang's
Order on Defendant Schaible's Motion in Support of Taking Testimony *De Bene Esse* to
Preserve the Testimony of Three Witnesses from Mexico (ECF No. 247).  In those
orders, the undersigned and Judge Wang allowed Defendants to amend the Final
Pretrial Order and take preservation depositions on topics relating to the Mexican

divorce and annulment proceedings while explicitly reserving relevancy determinations for motions *in limine* or at trial.  (ECF No. 243 at 8 n.4; ECF No. 247 at 8, 11.)  The parties are advised that now that the Court has resolved relevancy objections relating to this evidence, **all evidence and argument relating to the Larimer County District Court and the Mexican divorce and annulment proceedings—including the documents added to the Final Pretrial Order pursuant to the Court's January 24, 2022 Order—are now excluded.**  As a result, for example, Defendants will not be permitted to call Mr. Echeveste as a trial witness or otherwise utilize his deposition testimony at trial.

Second, during the May 6, 2022 Final Trial Preparation Conference, the Court directed the parties to file amended final exhibit and witness lists by no later than **Wednesday, May 25, 2022**.  The parties' revised final exhibit and witness lists must eliminate all witnesses and all exhibits relating to matters that the Court has now excluded at trial.

Finally, pursuant to the Court's May 4, 2022 Order, the parties' final deposition designations are due no later than **9:00 AM MDT on Monday, May 16, 2022**.  (ECF No. 303.)  The parties must amend their deposition designations to comply in all respects with the Court's rulings in today's Order.  Among other things, the Court will not accept deposition designations: (1) for Gustavo Echeveste; or (2) for any other witness on excluded topics.

### V.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Joint Motion *in Limine* (ECF No. 268) is DENIED; and

2. Plaintiff's Motion *in Limine* (ECF No. 266) is GRANTED IN PART AND DENIED

   IN PART, as set forth herein.

Dated this 10th day of May, 2022.

BY THE COURT:

_____

William J. Martinez
United States District Judge

17